UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07982-JWH-SP | Date | September 11, 2025 |
|---|---|---|---|
| Title | THOMAS WARREN EUGENE MOTHERAL v. PEOPLE OF THE STATE OF CALIFORNIA | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Exhaust, Due to a Pending State Petition, and Under the *Younger* Abstention Doctrine**

On August 22, 2025, petitioner Thomas Warren Eugene Motheral filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). This court having reviewed the Petition, it appears the Petition is subject to dismissal for multiple reasons, including those discussed below. First, as indicated in the Petition, petitioner has not exhausted his state remedies with respect to the grounds raised in his Petition. Second, petitioner states that a habeas petition is currently pending before the Santa Barbara Superior Court, which review could moot the instant federal Petition. And third, petitioner indicates he is still pending trial in this case in the Superior Court, and therefore the court should abstain from intervening in that case under the *Younger* Abstention Doctrine. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **October 3, 2025**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07982-JWH-SP | Date | September 11, 2025 |
|---|---|---|---|
| Title | THOMAS WARREN EUGENE MOTHERAL v. PEOPLE OF THE STATE OF CALIFORNIA | | |

## The Exhaustion Requirement

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, petitioner has raised two purported grounds for relief in his federal habeas Petition: (1) arresting officers violated his constitutional rights when they left drugs in petitioner's pants after he had disclosed the drugs' presence to the officers, thus forcing petitioner to bring drugs into jail; and (2) an officer lied under oath at petitioner's preliminary hearing in violation of his due process rights. The Petition indicates that petitioner has raised these issues in a pending habeas petition to the Santa Barbara Superior Court. Petition at 6. But the Petition further indicates that none of the grounds it raises have been raised before or ruled on by the California Supreme Court, and thus none of the grounds raised have yet been exhausted. Petition at 5. If this is correct, the Petition is subject to dismissal.

## State Action Pending That Could Moot Federal Petition

As just noted, when a claim raised in a federal habeas petition is still pending before a state court, the petitioner has not met the exhaustion requirement because he has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07982-JWH-SP | Date | September 11, 2025 |
|---|---|---|---|
| Title | THOMAS WARREN EUGENE MOTHERAL v. PEOPLE OF THE STATE OF CALIFORNIA | | |

not given the state court the first opportunity to address the federal claim. *See Duncan*, 513 U.S. at 365. "If the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." *Sherwood v. Tomkins*, 716 F.2d 632, 633 (9th Cir. 1983) (internal quotation marks and citation omitted).

Here, the federal Petition indicates that petitioner has a pending habeas petition in the Superior Court raising the same claims. If it is correct that petitioner retains a pending state action that may moot or otherwise affect his alleged constitutional claims before this court, he must await the outcome of that action before presenting his claims in federal court, and thus the federal Petition would be subject to dismissal, unless petitioner requests and obtains a stay of the action, as discussed further below. *See Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013).

### *Younger* Abstention Doctrine

The *Younger* Abstention Doctrine prohibits federal courts from staying or enjoining pending state criminal court proceedings or "considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that extraordinary circumstances warrant federal intervention." *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012) (internal quotation marks omitted); *see Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

Here, petitioner indicates his criminal case involving the grounds he raises here is still pending pre-trial in the Superior Court. Petition at 2. If so, the first two *Middlesex* elements for the *Younger* Abstention Doctrine to be invoked are plainly present here. There is an ongoing state proceeding, i.e., the criminal case against petitioner. And the criminal proceeding implicates important state interests because it involves an alleged violation of state criminal law that is being adjudicated in state court. *See Pennzoil Co. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07982-JWH-SP | Date | September 11, 2025 |
|---|---|---|---|
| Title | THOMAS WARREN EUGENE MOTHERAL v. PEOPLE OF THE STATE OF CALIFORNIA | | |

*Texaco, Inc.*, 481 U.S. 1, 13, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (enforcement of state court judgments and orders implicates important state interests); *see also People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("A [state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty."). And as for the third *Middlesex* element, petitioner gives no indication that he is unable to raise his constitutional claims in the pending state case. On the contrary, he recounts how his attorneys raised these issues at his preliminary hearing, and indicates he thereafter filed a habeas petition in the Superior Court regarding these issues. Petition at 4, 6. "The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). Petitioner here faces no such procedural bars.

Petitioner is effectively asking this court to intervene in his pending state criminal case before it has even gone to trial. There appears to be no "extraordinary circumstances" present here that would warrant such federal intervention. Thus, even if petitioner had exhausted his state court remedies and did not have a pending state habeas petition, it appears this court should still abstain under *Younger*.

### Petitioner's Options

The Ninth Circuit has stated that lower courts "'have no obligation to act as counsel or paralegal to *pro se* litigants.'" *Ford v. Pliler*, 590 F.3d 782, 787 (9th Cir. 2009) (quoting *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004)). But the Ninth Circuit has also recognized that courts may provide pro se litigants with "accurate instruction" before dismissing a "mixed" petition containing both exhausted and unexhausted claims. *See id.* at 786 ("The district court gave [the petitioner] accurate instruction before dismissing his mixed habeas petitions without prejudice. *Pliler* does not allow us to require anything more."). Petitioners with fully unexhausted petitions have some of the same options. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016); *Henderson*, 710 F.3d at 874. Accordingly, the court presents petitioner with the following options:

**Option 1:**
If petitioner contends that he has in fact exhausted his state court remedies on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07982-JWH-SP | Date | September 11, 2025 |
|---|---|---|---|
| Title | THOMAS WARREN EUGENE MOTHERAL v. PEOPLE OF THE STATE OF CALIFORNIA | | |

grounds raised in his federal habeas Petition, he should clearly explain this in a written response to this Order to Show Cause. Further, if petitioner contends that in fact he does not currently have a petition pending for review that may moot his federal habeas Petition, he should also clearly explain in a written response. In addition, if petitioner contends the *Younger* Abstention Doctrine should not apply here, he should also clearly explain that in a written response. The written response must be filed on or before **October 3, 2025**. Petitioner should attach to his response copies of any documents establishing that grounds one and two are indeed exhausted, and that he does not have a case or petition pending before the Superior Court. (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be unexhausted, he alternatively selects one of the other options discussed below.)

**Option 2:**

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Option 3:**

If petitioner contends that some of his claims are unexhausted but some are not, petitioner may request a voluntary dismissal of only the unexhausted claims, and elect to proceed on only his exhausted claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The court advises petitioner, however, that if petitioner elects to proceed now with only certain claims, any future habeas petition containing the dismissed grounds for relief or other claims that could have been raised in the instant petition may be rejected as successive (or may be time-barred). In addition, petitioner may not be able to proceed on his exhausted claims if he has a currently pending state habeas petition, or if he has a pending state case from which this court should abstain under *Younger*.

**Option 4:**

Pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07982-JWH-SP | Date | September 11, 2025 |
|---|---|---|---|
| Title | THOMAS WARREN EUGENE MOTHERAL v. PEOPLE OF THE STATE OF CALIFORNIA | | |

440 (2005), and *Mena v. Long*, 813 F.3d at 910-12, petitioner may ask the court to stay all of the claims in the petition while petitioner returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case pursuant to *Rhines*, petitioner is required to: (a) show good cause for his failure to exhaust grounds one and two in state court earlier; and (b) show that grounds one and two are not "plainly meritless." *See id.* at 277. (Petitioner also may request a *Rhines* stay, and include a notice that, if the court denies the *Rhines* stay, he alternatively selects one of the other options.)

**Option 5:**

If petitioner contends some of his claims are unexhausted but some are not, pursuant to *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss his unexhausted claims and ask the court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust his dismissed claims. The court advises petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a *Kelly* stay, and include a notice that, if the court denies the *Kelly* stay, he alternatively selects one of the other options.)

**Caution**

Petitioner is cautioned that if he requests a stay and the court denies the request for a stay, or if petitioner contends that he has in fact exhausted his state court remedies on all grounds and the court disagrees, the court may recommend that his petition be dismissed. Accordingly, as noted above, petitioner may select options in the alternative.

In sum, in order to select Option 1, petitioner must file a response to this Order showing all grounds are exhausted, and that he does not have a petition currently pending review before a state court, and that the *Younger* Abstention Doctrine should not apply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07982-JWH-SP | Date | September 11, 2025 |
|---|---|---|---|
| Title | THOMAS WARREN EUGENE MOTHERAL v. PEOPLE OF THE STATE OF CALIFORNIA | | |

In order to select Options 2 or 3, petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, petitioner must file a written response requesting a stay pursuant to either *Rhines* or *Kelly*. With Options 1, 4, or 5, petitioner may select an alternative option in the event the court finds certain claims unexhausted, that a petition and/or criminal case remains pending in state court, and/or denies the request for a stay. Whichever option petitioner selects, petitioner must file and serve the responding document clearly stating the option selected ***no later than October 3, 2025***.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies, due to pending state matters, for failure to prosecute, and/or for failure to obey court orders.**